Filed 11/9/23  Reynolds v. Palmbaum CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| TRACI REYNOLDS, Individually and as Trustee, etc., et al.,<br><br>　　　　　Plaintiffs, Cross-defendants and Respondents,<br><br>　　　v.<br><br>BRUCE PALMBAUM et al.<br><br>　　　　　Defendants, Cross-complainants and Appellants. | C096587<br><br>(Super. Ct. No. 34-2017-00217076-CU-OR-GDS) |

Hoping to enforce a 2017 civil judgment against Edward Freidberg, Bruce Palmbaum and others (appellants) sought to establish that Freidberg's 2017 transfer of property to his wife Traci Reynolds was fraudulent and voidable.  After appellants presented their evidence in a court trial, the trial court issued a statement of decision

1

granting the motion for judgment made by respondents Freidberg and Reynolds, finding the 2017 transfer was made in good faith based on a preexisting obligation.

Appellants now contend the trial court erred because there was not substantial evidence supporting the trial court's findings. We agree with respondents that appellants' claim is forfeited because they have not set forth all the material evidence in their opening brief. Accordingly, we affirm.

## BACKGROUND

Due to the nature of the contention raised on appeal, we need not recite all of the facts underlying the disputes between the parties here. The following limited background will suffice.

Before they married in the late 1980's, Reynolds and Freidberg signed a premarital agreement that provided, inter alia: (1) their separate earnings during the marriage would be separate property, (2) Freidberg would pay for joint living expenses from his separate property, and (3) Reynolds would receive annual lump sum cash transfers from Freidberg after each year of marriage.

In 1992, Reynolds started loaning money to Freidberg. To secure those loans, Freidberg executed and recorded a deed of trust to Reynolds encumbering his interest in the Sacramento residence they owned together (the property). At least twice between 2002 and 2007, a deed of trust was removed to facilitate refinancing of the home and then put back on the property after the refinance. But after a 2007 refinance, a deed of trust was not put back. Believing the deed of trust had been put back on the property, Reynolds continued loaning money to Freidberg through at least 2017, when he owed her a total of about $1 million.

In 2016, Palmbaum obtained an arbitration award against Freidberg totaling approximately $360,000. In 2017, Palmbaum petitioned the trial court to enter judgment against Freidberg in accordance with that arbitration award. The day before the trial court entered the requested judgment, Freidberg recorded a deed of trust on the property

2

in favor of his wife Reynolds in the amount of $900,000. Reynolds asked Freidberg to do that because she knew the 2017 judgment was imminent and was surprised to learn the deed of trust had not been put back on the property after a 2007 refinance.

Further litigation between the parties ensued, including a claim by Palmbaum that the 2017 recording of the deed of trust on the property was a fraudulent transfer made to hinder enforcement of the 2017 judgment. The trial court rejected that claim in a statement of decision issued after a three-day court trial at which Reynolds testified.

Specifically, the trial court found the 2017 recording of the deed of trust was a "good faith attempt to secure a preexisting obligation," and the legitimacy of Freiberg's underlying debt to Reynolds was evidenced by (1) the terms of the premarital agreement, (2) the "meticulous records" that Reynolds maintained, and (3) the multiple deeds of trust recorded against Freidberg's share of the property going back to the early 2000's.

Procedurally, the trial court's ruling was in the form of an order granting respondents' motion for judgment pursuant to Code of Civil Procedure section 631.8, which permits a trial court acting as a trier of fact to render judgment for a defendant in an action where the plaintiff has failed to meet the applicable burden of proof before the defendant has presented any evidence. (Code Civ. Proc., § 631.8.) Appellants timely appealed.

DISCUSSION

I

*Forfeiture of the Claim on Appeal*

Appellants contend the trial court erred by granting the motion for judgment because there was not substantial evidence supporting the trial court's factual findings that (1) Freidberg's debt to Reynolds was legitimate and (2) the 2017 recording of the deed of trust was made in good faith. Appellants maintain the 2017 recording of the deed of trust was a "voidable transfer" under the Uniform Voidable Transactions Act, Civil

3

Code section 3439 et seq.[1]  Respondents argue appellants forfeited their contention on appeal by failing to demonstrate that the trial court's findings were not supported by substantial evidence in their opening brief.  More specifically, respondents argue appellants cite only to evidence that they deem favorable to their position in their opening brief.  Appellants did not file a reply brief.  We agree with respondents that appellants have forfeited their sole claim by failing to present this court with all material evidence in this matter and thus have failed to carry their burden on appeal.

A.    *The Uniform Voidable Transactions Act*

The Uniform Voidable Transactions Act is meant to " 'prevent debtors from placing, beyond the reach of creditors, property that should be made available to satisfy a debt.' "  (*Aghaian v. Minassian* (2020) 59 Cal.App.5th 447, 455-456.)

Relevant here, section 3439.04, subdivision (a) provides that a transfer made or obligation incurred by a debtor is "voidable" as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, "if the debtor made the transfer or incurred the obligation" with "actual intent to hinder, delay, or defraud any creditor of the debtor" or without receiving a "reasonably equivalent value" in exchange for the transfer or obligation.  (§ 3439.04, subd. (a); *Annod Corp. v. Hamilton & Samuels* (2002) 100 Cal.App.4th 1286, 1294.)

But section 3439.08, subdivision (a) provides a defense to a section 3439.04, subdivision (a) claim:  a transfer or obligation is *not* voidable against a person who "took in good faith and for a reasonably equivalent value."  (§ 3439.08, subd. (a); *Annod Corp. v. Hamilton & Samuels, supra*, 100 Cal.App.4th at p. 1294.)  "Thus, a showing of good faith and reasonably equivalent value is all that is required to defeat a creditor's action based on section 3439.04, subdivision (a)."  (*Annod Corp.,* at p. 1294.)  Whether a debtor

---

[1]  Undesignated statutory references are to the Civil Code.

intended to hinder, delay, or defraud a creditor is a question of fact. (*Aghaian v. Minassian*, *supra*, 59 Cal.App.5th at p. 456; accord, *Annod Corp.,* at p. 1294.)

B. *Standard of Review*

In reviewing a judgment based upon a statement of decision following a bench trial, we review questions of law de novo and typically apply a "substantial evidence" standard of review to the trial court's findings of fact. The factual findings are liberally construed to support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings. A single witness's testimony may be substantial evidence to support a finding, and we do not reweigh the evidence or reassess witness credibility. (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.)

But describing the standard of review here—where the trier of fact expressly concluded appellants failed to carry their burden at trial—as one of "substantial evidence" would be imprecise, because such a description suggests an analysis that " 'allows an attack on . . . the evidence supporting the party who had no burden of proof.' " (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc*. (2011) 196 Cal.App.4th 456, 465; see *ibid*. [substantial evidence test " 'is typically implicated when a defendant contends that the plaintiff succeeded at trial in spite of insufficient evidence' "].) Where the appellate issue " 'turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." ' " (*Id.* at p. 466.)

C.     *Appellant's Burden*

An appellant challenging the sufficiency of the evidence, "must set forth all of the material evidence bearing on the issue, not merely the evidence favorable to the appellant, and it also must show how the evidence does not sustain the challenged finding."  If the appellant fails to do so "its claim of insufficiency of the evidence is waived."  (*Baxter Healthcare Corp. v. Denton* (2004) 120 Cal.App.4th 333, 368; see *Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 512 [an appellant arguing insufficient evidence supported a finding cannot shift their burden to set forth an adequate statement of the evidence onto respondent or a reviewing court].)

D.     *Analysis*

Here, appellants attack the trial court findings that Freidberg's debt to Reynolds was legitimate and not a Uniform Voidable Transactions Act transfer and that the 2017 recording of the deed of trust was made in good faith.  But they do not present all material evidence bearing on the issue, omitting, at a minimum, any mention (a) that Reynolds kept detailed records of the loans she made to Freidberg, beginning in 1992, (b) that between 2002 and 2007, there were multiple recordings of deeds of trust to Reynolds encumbering Freidberg's interest in the property, and (c) that Reynolds mistakenly believed a deed of trust had been put back on the property around 2007.

By failing to set forth all material evidence, appellants have forfeited their claim. (See *Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 [ruling party forfeited a challenge to the sufficiency of the evidence supporting a finding by failing to "set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable"].)[2]

---

[2] Even if we were to reach the merits of appellants' claim as articulated, we would find substantial evidence supports the trial court's ruling.  (Cf. *In re S.C.* (2006) 138 Cal.App.4th 396, 415 [appellate claim of error forfeited because unaccompanied by all

6

## II

### *Sanctions*

In briefing and at oral argument, respondents request we either issue an order to show cause to appellants why sanctions should not be awarded in this "frivolous appeal" or establish a briefing schedule to "allow" them to file a motion for sanctions.[3] We decline to exercise our discretion to do so.

Code of Civil Procedure section 907 "provides that '[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just.' Similarly, California Rules of Court, rule 8.276(a), provides that an appellate court has the authority to 'impose sanctions . . . on a party or an attorney for: [¶] Taking a frivolous appeal or appealing solely to cause delay. . . .' " (*McCluskey v. Henry* (2020) 56 Cal.App.5th 1197, 1208.) In the interests of judicial economy, we decline their invitation to issue an order to show cause. (See *Bak v. MCL Financial Group, Inc*. (2009) 170 Cal.App.4th 1118, 1127-1128 [denying request for appellate sanctions].)

---

material facts, and "[e]ven if appellant's counsel had correctly presented the claim of error, it loses on the merits"].)

[3] California Rules of Court, rule 8.276(b)(1) enabled respondents to file a motion for sanctions no later than 10 days after the appellant's reply brief was due. Respondents did not avail themselves of the procedural requirement to timely file a motion for sanctions on their own.

DISPOSITION

The judgment is affirmed.  Respondents are entitled to recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　BOULWARE EURIE, J.


We concur:


　　/s/
MAURO, Acting P. J.


　　/s/
DUARTE, J.

8